```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FREDERIC A. BOURKE, JR., ET AL.,   :
                                   :
     Plaintiffs,                   :
                                   :
v.                                 :    CASE NO. 3:14cv843(DFM)
                                   :
                                   :
MAN ENGINES & COMPONENTS, INC.,    :
                                   :
     Defendant.                    :
```

ORDER ON PENDING MOTIONS

Plaintiffs, Frederic A. Bourke, Jr. and Fireman's Fund Insurance Company ("FFIC"), bring this action against defendant, MAN Engines & Components, Inc., alleging breach of express and implied warranties arising from an engine failure on Bourke's motoryacht. Pending before the court[1] is defendant's motion to compel previously noticed depositions and discovery (doc. #59), and its motion to exclude plaintiffs' late disclosed experts. (Doc. #54.) I heard oral argument on February 18, 2016. For the following reasons, defendant's motion to compel is GRANTED and its motion to exclude experts is DENIED.

I.   Motion to Compel

Defendant's motion to compel the depositions of Bourke and his yacht captains, Patrick Kilbride and Adam Weaver, is GRANTED. See Fed.R.Civ.P. 30(a)(1) ("A party may, by oral

---

[1] The parties consented to the jurisdiction of the undersigned magistrate judge on January 29, 2015. (Doc. #39.) See 28 U.S.C. § 636(c)(1).

questions, depose any person, including a party, without leave of court . . . ."). Counsel must confer and attempt to reach mutually agreeable dates for these depositions. If, despite diligent effort, counsel are unable to agree upon dates, the court will set them.

Defendant's motion to compel the destructive testing of one of the yacht's intercoolers also is GRANTED. By no later than **February 29, 2016,** plaintiffs' counsel may delineate the additional specific information they seek concerning the testing protocol to be performed on the intercooler.[2] Defendant must respond in good faith to describe with reasonable particularity the manner of the testing. See Fed.R.Civ.P. 34(b)(1)(B).

Defendant seeks an award of the reasonable attorney fees and costs it incurred by bringing this motion. Rule 37(a)(5)(A) provides for the award of reasonable expenses, including attorney fees, when a motion to compel is granted.[3] See Fed.R.Civ.P. 37(a)(5)(A)("[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct

---

[2] Plaintiffs do not object to producing an intercooler for destructive testing, but request additional information about the specific tests to be performed.

[3] There are three exceptions to Rule 37(a)(5)(A): "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii). None of these exceptions apply here.

2

necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The court orders plaintiffs to pay defendant's reasonable costs and attorney fees with respect to the preparation of the motion to compel.

II.  Motion to Exclude Experts

The court's amended scheduling order (doc. #51) required plaintiffs to disclose their expert witnesses by October 1, 2015.  Plaintiffs did not disclose their experts[4] until November

---

[4] Plaintiffs disclosed Edwin Davis (doc. #54-3) and Jon Bardo (Doc. #54-4) as expert witnesses pursuant to Rule 26(a)(2)(B). That rule requires that "if the witness is one retained or specially employed to provide expert testimony in the case," the "disclosure must be accompanied by a written report—prepared and signed by the witness."  Fed.R.Civ.P. 26(a)(2)(B).  The written report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."  Fed.R.Civ.P. 26(a)(2)(B). Davis and Bardo authored written reports, which plaintiffs attached to their notices of disclosure.  At oral argument, defendant asserted that Davis and Bardo's reports do not comply with Rule 26(a)(2)(B).

Plaintiffs disclosed a third expert, Susan Harper (doc. #54-2), pursuant to Rule 26(a)(2)(C), which does not require the expert to provide a written report.  Instead, the notice of disclosure must include "the subject matter on which the witness is expected to present evidence . . . and a summary of the facts

3

4, 2015. Defendant seeks to preclude plaintiffs' experts, arguing that their late disclosure is unjustified and prejudicial.

Rule 26 requires, in relevant part, that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence." Fed.R.Civ.P. 26(a)(2). A party's failure to disclose an expert witness as required by Rule 26(a) means that "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). "[T]here is a general preference to determine issues on the merits . . ., and exclusion of an expert is a harsh remedy that should only be imposed in rare situations . . . ." Lassen v. Hoyt Livery, Inc., No. 3:13-CV-01529 (VAB), 2015 WL 2352491, at *2 (D. Conn. May 15, 2015) (citations and internal quotation marks omitted).

In determining whether to exclude expert testimony, the "severest of sanctions," Lassen, 2015 WL 2352491, at *2, courts in the Second Circuit consider four factors: "(1) the party's

---

and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C)(i)-(ii).
    Defendant is critical of all three experts and posits that their testimony does not constitute proper expert testimony under the Federal Rules of Evidence and the principles set forth in Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). This issue is not before me and nothing in this ruling should be construed as an opinion on the admissibility of the expert reports or testimony.

4

explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955, 961.  "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." Lab Crafters, Inc. v. Flow Safe, Inc., No. CV-03-4025 (SJF)(ETB), 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007).

Here, the first factor weighs in favor of preclusion. Plaintiffs have not offered a satisfactory explanation for their failure to comply with the court's scheduling order.  Plaintiffs contend that in an effort "to promote the just, speedy, and inexpensive determination of this action," they withheld their expert disclosures because they were engaged in settlement discussions with defendant.[5] (Doc. #56, p. 2.)  The expert disclosures purportedly were ready to be served,[6] but counsel

---

[5] These discussions took place between counsel for defendant and plaintiff FFIC only.  Counsel for plaintiff Bourke did not participate and offers no independent reason for the late disclosure of experts.

[6] The expert reports apparently had been prepared long before plaintiffs disclosed them.  Davis's report indicates that the "date of assignment" was October 1, 2012 and that he inspected the yacht over four days in October 2012. (Doc. #54-3, p. 5.) Similarly, Bardo's report is dated January 24, 2013 and notes

5

first wanted to discuss settlement, which, if successful, would have alleviated the need to disclose experts. When defendant rejected the settlement demand, plaintiffs served their expert disclosures. This explanation rings hollow. First, counsel did not even begin settlement discussions until after the due date for expert disclosures.[7] Second, plaintiffs could have, but did not, seek an extension of time in which to disclose their experts.[8] Although this factor weighs in favor of preclusion, the remaining factors weigh against it.

As to the second factor--the importance of the testimony sought to be excluded--plaintiffs assert that the experts will play a significant role in establishing the cause of the engine failure and calculating damages, both of which are central issues. The importance of this testimony weighs against preclusion.

The final two factors also weigh against preclusion. The third factor concerns the prejudice defendant would suffer as a result of having to prepare and meet the new testimony, and the fourth factor is the possibility of a continuance. The only prejudice defendant identifies is related to the timely

---

the "customer request" date was January 16, 2013. (Doc. #54-4, p. 5.)

[7] FFIC's counsel began settlement discussions with defendant on October 2, 2015. (Doc. #56-1.) Plaintiffs' expert disclosures were due by October 1, 2015. (Doc. #51.)

[8] Nor did plaintiffs ask defendant for its consent to late disclosure.

prosecution of the case, which can be cured by the court's continuance of the case management plan.  Although the discovery deadline has passed, the case has not yet been set for trial. See Exo-Pro, Inc. v. Seirus Innovative Accessories, Inc., No. CV 05-3629(LDW)(AKT), 2008 WL 4878513, at *4 (E.D.N.Y. Feb. 19, 2008) (finding that third and fourth Softel factors weigh against preclusion where "there remains sufficient time before trial to cure any prejudice that defendant might suffer as a result of [plaintiff]'s late service of [its] expert report."); see also Lassen, 2015 WL 2352491, at *3 ("The Court is cognizant that extended deadlines will adversely affect the progression of the case, but the Court expects that, with proper planning, communication, and cooperation among the parties, any delays would not be significant.").

    Based on the court's balancing of the Softel factors, defendant's motion to exclude plaintiffs' experts is DENIED. The case management order is amended as follows: any updating and finalizing[9] of plaintiffs' expert reports must be done by **March 7, 2016**; plaintiffs' experts must be deposed by **April 4, 2016**; defendant's rebuttal experts must be disclosed by **April 20, 2016**; and deposed by **May 18, 2016.**  No dispositive motion will be filed unless a prefiling conference is requested; to be timely, any request for a prefiling conference must be submitted

---

[9] See footnote 4.

on or before **April 20, 2016.** A joint status report must be filed by **May 19, 2016,** and every 30 days thereafter until the case is resolved. All discovery must be completed by **May 18, 2016.** The parties' joint trial memorandum is due by **June 29, 2016.** The case will be considered trial ready as of **August 2016.**

III. Conclusion

For the foregoing reasons, defendant's motion to compel (doc. #59) is GRANTED and its motion to exclude experts (doc. #54) is DENIED. The court awards defendant reasonable costs and attorney fees with respect to the preparation of the motion to compel. Counsel are ordered to meet and confer in a good faith effort to reach an agreement regarding the fees. If the parties are unable to agree, defendant may submit an affidavit itemizing the reasonable expenses it incurred in filing the motion. Plaintiffs may file an objection within 14 days thereafter as to the amount of the requested award.

SO ORDERED at Hartford, Connecticut this 23rd day of February, 2016.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge